Nutovic & Associates
Proposed counsel to Debtor and Debtor in Possession
261 Madison Avenue, 26th Floor
New York, N. Y. 10016
(212) 421-9100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                  Chapter 11

300 WASHINGTON STREET LLC,                           Case No.

                                       Debtor.
-------------------------------------------------------------x

## RULE 1007- 4 AFFIDAVIT

**STATE OF NEW YORK** )
                                ) ss.:
**COUNTY OF KINGS** )

       **Martin Spitzer**, affirming under penalty of perjury, deposes and says:

       1.      I am the Manager of 300 Washington Street, LLC (the "Debtor"), the above-named debtor.

       2.      I submit this affidavit under E.D.N.Y. Local Rule 1007-4, and in support of the Debtor's voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), filed on May 20, 2013 (the "Filing Date").

## BANKRUPTCY FILING AND COMPLIANCE WITH LOCAL RULE 1007-4

### Debtor's Business and Operations

       3.      The Debtor is a limited liability corporation located corporation located at 545 Broadway, Brooklyn, New York 11205.  The Debtor 's assets consist primarily of land and a building located at 300 Washington Street Syracuse, New York (the "Property") which is unoccupied. The Debtor will shortly be filing a plan providing for payment to the City of Syracuse ("City") of its tax lien in an amount exceeding the City's appraised value of the Property or in the alternative scheduling an auction sale of the Property. I am advised by the Debtor's counsel that the Debtor is a "single asset real estate" entity, as that term is defined in the Bankruptcy Code.

       4.      The Debtor currently employs only a part time caretaker whose salary is being funded by the Debtor's equity holders and is not owed any salary as of the Filing Date.

5. The Debtor has commenced this case because the City has sent a notice to the Debtor threatening to seize the Property on May 22, 2013 for non-payment of taxes.In The City has also listeded the Property amongst 3,000 other properties that are to be seized and are available for sale. Interested parties who inquired about the Property were advised by City employees that the City has appraised the value of the Property at $585,000. When attorneys for the Debtor's principals attempted to submit bids they were advised that bids were closed (even though no deadline had been advertised and even though the Property had not yet been seized) and that the City had already settled on a buyer for the Property. They were also advised there was going to be no auction held. The Debtor is informed that after seizure, the City will sell the Property to an undisclosed buyer at a price below the appraised amount; by contrast the Debtor is willing to pay the City _more_ than the appraised value.

6. The Debtor intends to submit a plan which provides for such payment and also provides a return for other creditors. In the event the Court believes the bid solicitation process conducted by the City did not maximize the market value of the Property, the plan will provide for the Debtor to retain a broker to conduct an orderly sale of the Property in the context of this chapter 11 case.

**Assets and Liabilities**

7. In addition to the land and building which the City has appraised for $585,000, the Debtor has (i) furniture in the building which has a book value of approximately 250,000(the market value is much less) and (ii) a receivable of approximately $2,800 due in connection with a parking rights agreement at the Property.

8. The Debtor's secured liabilities total approximately $4.5 million, which sum is comprised of the City tax lien of approximately $1.8 million and a mortgage of approximately $2.7 million.

9. The Debtor has a few unsecured creditors who have provided goods or services to the Debtor. The Debtor's schedules filed together with the petition commencing this case more particularly describe its debt.

10. The City is preparing to move forward with the seizure of the Property on May 22, 2013. No other property of the Debtor is in the possession or custody and control of any public officer, receiver, trustee or assignee for the benefit of creditors, mortgages, pledges or assignees. Upon information and belief, there is no current pending litigation against the Debtor, other than the pending tax seizure.

**Debtor's 30 Day Budget for Income and Operating Expenses**

11. The Debtor estimates that its general administrative expenses for the thirty (30) day period following the commencement of this proceeding will be approximately $5,000.

12. The Debtor does not have any payroll obligations.

13. The Debtor believes that with the protection of this Court, it will be able to marshal and preserve its assets so that they may be sold in an orderly manner to maximize value for all constituencies.

**WHEREFORE**, your deponent requests that (i) the Debtor be continued in the management of its business and financial affairs pending further order of this Court; and (ii) such other and further relief be granted to the Debtor as is just and proper.

/s/ Martin Spitzer
Martin Spitzer